WRITT, Appellant, vs. GIRARD LUMBER COMPANY, Respondent.

*November 11 — November 26, 1895.*

*Master and servant: Personal injuries: Assumption of risk: Contributory negligence.*

Plaintiff was employed with others in work upon the track of defendant's logging railroad, with instructions to clear the track whenever a train signaled its approach. They had cleared the track of tools and timbers and stepped back for a train to pass, when the engineer thereon discovered a tie which had been left on the track, and called to them to take it off. The train was then about eighty feet away and running at the rate of eighteen or twenty miles an hour. Plaintiff, who was twenty or thirty feet from the tie, rushed to remove it and was struck by the engine and injured. *Held*, that in thus rashly exposing himself to danger he was guilty of contributory negligence preventing a recovery.

APPEAL from a judgment of the circuit court for Marinette county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

This action was brought to recover damages sustained by the plaintiff in consequence of injuries he received through the alleged negligence of the defendant, and while in its employ on the track of its railroad, built and operated to draw logs to its mill. The plaintiff, with three others, was at work, by direction of the defendant's superintendent, in building guard piers to the piling that supported the bridge on the Minneapolis, St. Paul & Sault Ste. Marie railroad where the defendant's road passes under it, and they were to be built on either side of the bridge, in order that the loads of logs on the defendant's trains, when they passed under the bridge, should not strike the bridge. The piers were to be made of logs, and four in number. The defendant's road is about three miles in length, and crosses underneath the other road at a right angle; and logs are carried on its trains from where they are cut and loaded, south of the other railroad, to the defendant's mill on the north side of it. From the south there was a steep grade, commencing about a mile back from the crossing, and there was a sharp curve, which prevented the train from being seen for only a few hundred feet away; and, after crossing, it passed up a long hill on the north side to the defendant's mill. The defendant company continued hauling logs while the work of building the piers progressed, and ran its train of from four to six cars loaded with logs, etc., it being in charge of one person as engineer, and a brakeman, who was on the rear car. The defendant's instructions were to do the work of preparing the timbers for the piers on the track, and the train would whistle on the hill when to clear the track, which they were to do after the warning.

The plaintiff was not familiar with working on a railroad, and had had no previous knowledge of the situation. The piers on the south side had been finished, and work had been

.commenced·on the north side.  Two of·the men who had
been working with the plaintiff were on the north side.  A
tie, used as a skid, had been left on the track.  The train
came along with six loaded·cars, running at a speed of from
eighteen to twenty miles an hour.  Two of the men cleared
the track of tools and rubbish, and the plaintiff rolled his·
timber off.  All stepped back for.the train to pass, which
was about seventy or eighty feet away.  The engineer saw
the tie beyond the men, and called to them to take it off.
The plaintiff, *Writt*, started for it.  The tie was from twenty
to thirty feet from him.  The train caught him, and he was
thrown under it, his left leg was cut off, and his right one
broken in three places, and he sustained other injuries.  Tes-
.timony was given that only one signal was given, and that
was just before the engineer called out, and that there was
no whistle or signal given to put on brakes.  The evidence
on this subject was conflicting.

At the close of the testimony the defendant moved the
court to direct the jury to find a verdict in its favor.  The
court sustained the motion, and, after judgment, the plaint-
iff appealed.

For the appellant there was a brief by *Phillips & Hicks,*
and oral argument by *M. C. Phillips.*

*H. O. Fairchild*, for the respondent, to the point that the
plaintiff was guilty of negligence contributing to the injury,
cited *Lofdahl v. M., St. P. & S. S. M. R. Co.* 88 Wis. 421;
*Kennedy v. L. S. T. & T. Co.* 87 id. 28, 35; *Hunter v. C. &
S. V. R. Co.* 112 N. Y. 371; *Elliott v. C., M. & St. P. R.
Co.* 150 U. S. 245, 248.

PINNEY, J.  Upon the most favorable construction that
can be given to the evidence, this unfortunate plaintiff is
without any legal remedy for the serious injuries he has sus-
tained.  He knew that the defendant intended to and would,
as it in fact did, operate its road while the building of the

piers upon which he was engaged progressed, and that he and his fellow employees were required to prepare and frame the necessary timbers on the track, and to clear the track of timber, etc., whenever the train gave a signal of its approach and was about to pass underneath the bridge. Whatever risk of danger was ordinarily incident to the plaintiff's employment arising from the manner in which the defendant operated and ran its trains, known to and understood by the plaintiff, must be deemed to have been assumed by him. The servant must take ordinary care to observe and ascertain whether any and what dangers are incident to his service, and must be held to have ascertained and known of such dangers as ordinary care would have disclosed. It is not material to inquire whether the signal was seasonably given or not. He and his companions heard the train, cleared the track of tools and timber, and all stepped back for the loaded train, which was then about seventy or eighty feet away, to pass. The plaintiff was then in a place of safety. The tie that had been used as a skid had been left on the track. The engineer saw it beyond the men, and called for them to take it off. It was about twenty or thirty feet from the plaintiff, and he started for it, rushed up to it and within reach of the rapidly approaching train, running at the rate of eighteen or twenty miles an hour, and was struck by the engine, receiving the serious injuries of which he complains. He was not merely negligent, but his act was a rash and almost reckless one, and quite likely to result in serious injury or death. It is impossible to say, with any regard to the well-established rules of law, that his case should have been submitted to the jury. His injuries were the result of his own grossly careless and rash conduct. The authorities cited by the defendant's counsel on the questions involved are clear and decisive.

Doubtless the great peril of those upon the train in consequence of the presence of the tie on the track, and the call

of the engineer to take it off, prompted the plaintiff's action; but, in the presence of the manifest and imminent danger to which he was summoned, he had no right to hear or obey the call of the master or any one acting for him. Self-preservation was his paramount and absolute duty, and because he did not properly regard his personal safety, and rashly exposed himself to great and imminent peril, he assumed to himself the risk of the consequences, and is without remedy. *Dougherty v. West Superior I. & S. Co.* 88 Wis. 343; *Showalter v. Fairbanks, M. & Co.* 88 Wis. 376; *Luebke v. Berlin Machine Works*, 88 Wis. 448. The circuit court properly directed a verdict for the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.