[Birmingham Railway Light and Power Co. v. Enslen, Admrx.]

# Birmingham Railway Light and Power Co. *v.* Enslen, Admx.

*Action Against Street Railway Company for Alleged Negligent Killing of Passenger.*

[Decided Feb 9, 1905.]

1. *Street Railway Companies; Effect of Consolidation Under the Statute.*—Under the provisions of the statute authorizing the consolidation of two or more street railroad companies (Code, §§ 1202 to 1204), the debts and obligations of each constituent company follow such company into the consolidation and become the debts and obligations of the consolidated company as much so as if they had been originally created by it, and this rule applies equally to each successive consolidation.

2. *Action Against Street Railway Company for Personal Injuries; Admissibility of Evidence as to Stopping Place.*—In an action against a street railway company to recover dameges sustained by a passenger by reason of alleged negligence of the defendant, testimony that the place where the alleged injury occurred had by custom become a regular stopping place for defendant's cars , is admissible in evidence.

3. *Action Against Street Railway Company; Admissibility of Evidence of Expressions of Pain.*—In an action against a street railway company to recover damages for the alleged negligent killing of plaintiff's intestate, who at the time of the injuries complained of was a passenger on one of defendant's cars, evidence as to complaints and expressions of pain and suffering of said intestate during his life and after having received the injuries inflicted upon him by the alleged negligence of defendant's agent, is admissible in evidence.

4. *Action for Negligence; Contributory Negligence; Charge in Reference Thereto.*—In an action against a street railway company seeking to recover damages for the alleged negligent killing of plaintiff's intestate, where the complaint contains two counts, the first being predicated upon simple negligence and the second upon wanton or intentional misconduct on the part of the defendant, and to each of such counts the defendant pleaded contributory negligence on the part of plaintiff's intsetate, and no demurrer was interposed to such plea

as constituting an insufficient answer to the count of the complaint alleging wanton or intentional misconduct, a charge which instructs the jury that the plaintiff was entitled to a verdict, although the jury should believe from the evidence that the plaintiff's intestate was guilty of negligence, is erroneous and should not be given.

APPEAL from Jefferson Circuit Court.

Heard before the Hon. A. A. COLEMAN.

This was an action brought by the appellee, Laura C. Enslen, as administratrix of the estate of Charles F. Enslen, against the appellant, the Birmingham Railway, Light & Power Company, to recover damages for the alleged negligent killing of the plaintiff's intestate. The accident which it was alleged resulted in the death of plaintiff's intestate was caused by the plaintiff being thrown from one of defendant's cars by reason of a sudden jerk of said car. There was testimony on the part of plaintiff tending to show that in being so thrown from defendant's car, the plaintiff intestate was thrown upon his head and as a result of the injuries sustained in the fall, he had cerebral meningitis, which was the disease from which he died. The testimony for the defendant tended to show that the plaintiff's intestate was not thrown from the car by reason of a sudden jerk thereof, and that the cerebral meningitis which was the disease that immediately caused his death, was not superinduced by the fall.

During the examination of Dr. R. A. Jones, a witness for the plaintiff, he testified that he was a practicing physician and had been practising for 15 years. After the witness had testified as to the nature and cause of cerebral meningitis, he was asked by the plaintiff a hypothetical question, in which there was stated facts and circumstances corresponding to the way in which the injury to the plaintiff's intestate was alleged to have been caused, and then asked him if cerebral meningitis developed, if it would have resulted from the injuries described. The defendant objected to the hypothetical question asked the witness, upon the ground that it was not a proper question for an expert, and that there was no proof of any suffering except the declaration of the decedent. The court overruled the objection, and defend-

[Birmingham Railway Light and Power Co. v. Enslen, Admrx.]

ant duly excepted. The witness answered that the cerebral meningitis would have been caused by the injury.

The other facts of the case are sufficiently stated in the opinion. Upon the introduction of all the evidence, the court at the request of the plaintiff, gave the jury several written charges, among which were the following: "4. If the jury believe from the evidence that the sole cause of the injury to plaintiff's intestate which ultimately resulted in his death, was caused by a sudden jerk of the car, and that he acted only as an ordinarily prudent person would have acted in getting upon the step of the car, then your verdict must be for the plaintiff. 6. Although the jury believe from the evidence that plaintiff's intestate was guilty of negligence, yet if the negligence of the defendant amounted to wantonness or willfulness, the plaintiff can recover, notwithstanding the negligence of plaintiff's intestate, provided the jury believe that the injuries received caused or contributed to his death. 7. If the jury believe from the evidence that the death of plaintiff's intestate was caused or contributed to by a sudden jerk of the car, while he was upon the steps of the car preparing to alight, and that at the time of the injury plaintiff's intestate was not guilty of contributory negligence, your verdict must be for the plaintiff. 10. If the jury believe from the evidence that at the time of the injury to plaintiff's intestate, if they believe he was injured, that the conductor of the car was looking at and knew plaintiff's intestate was in the act of alightning at a regular stopping place and the conductor knowing this rang the bell for the motorman to proceed and he (the motorman) started the car with a sudden jerk and threw plaintiff's intestate from the car, then in that event the defendant's conductor was guilty of wanton or intentional negligence." The defendant separately excepted to the court's giving each of the several charges asked by the plaintiff, and also separately excepted to the court's refusal to give each of the following charges requested by it: "1. If the jury believe the evidence in this case they must find for the defendant. 2. If the jury believe the evidnce in this case, they must find for the defendant on the first count of the complaint. 3. If the jury believe the evi-

dence in this cause, they must find for the defendant on the second count of the complaint. 4. If the jury believe the evidence in this cause, they cannot find for the plaintiff on the second count of the complaint."

There were verdict and judgment for the plaintiff, sustaining her damages at $4,166.33. The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellant.—The testimony as to the expressions of pain and sufferings by the plaintiff's intestate after the alleged injury, was inadmissible, and the court erred in allowing such testimony to be introduced.—*Western Union Tel. Co. v. Henderson*, 89 Ala. 510-521; *L. & N. R. R. Co. v. Pearson, Admr.*, 97 Ala. 211; *Louisville & Nashville R. R. Co. v. Orr*, 91 Ala. 553; *Buckalew, Admr. v. Tenn. Coal, Iron & R. R. Co.; Kennedy's case*, 130 N. Y. 654; *Roche's case*, 11 N. E. Rep. 630.

The court erred in giving the several charges requested by the plaintiff and refusing to give the several charges requested by the defendant.—*Richmond & Danville R. R. Co. v. Freeman*, 97 Ala. 294; *So. & North Ala. R. R. Co. v. Sullivan, Admr.*, 59 Ala. 272; *E. Tenn. Va. & Ga. R. R. Co. v. King*, 81 Ala. 177; *L. & N. R. R. Co. v. Tegner, Exec.*, 125 Ala. 593.

The evidence in this case is plainly and palpably opposed to the evidence.—*Western Ry. of Ala. v. Mutch, Admr.*, 97 Ala. 194; *Teague v. Bass*, 31 So. Rep. 4.

JOHN E. MILES and BOWMAN, HARSH & BEDDOW, for appellee.—The testimony as to the exclamations of pain and suffering of plaintiff's intestate, were admissible in evidence.—*Rowland v. Walker*, 18 Ala. 749; *Eckles & Brown v. Bates*, 26 Ala. 655; *Birmingham Union Ry. v. Hale*, 90 Ala. 8; *Phillips v. Kelly*, 29 Ala. 628; *Johnson v. Northern Pac. R. R. Co.*, 47 Minn. 430; *Firkins v. Chicago G. W. R. R. Co.*, 61 Minn. 31; *Mayo v. Wright*, 63 Mich. 32.

DOWDELL, J.—This is an action by Laura C. Enslen as administratrix of the estate of Charles F. Enslen,

deceased, against the defendant, Birmingham Railway, Light & Power Company, to recover damages for the wrongful killing of plaintiff's intestate.

The complaint contained two counts, in each of which it is averred that the wrong complained of was committed by the Birmingham Traction Company, a corporation, and it is further averred, that on the 5th day of November, 1900, the Birmingham Traction Company consolidated with the defendant corporation, under the laws of the state of Alabama, which consolidated company assumed the name of the defendant, etc. The plaintiff filed interrogatories to the defendant for the purpose of showing the consolidation as charged, and the further averment in the complaint, that the Birmingham Traction Company was operating the railroad at the time of the alleged injury. Answering these interrogatories, the defendant admitted that the Traction Company was operating the railroad at the time of the alleged injury, and that the consolidation was had as averred, and further stated that subsequent to said consolidation, "the consolidated company, the Birmingham Railway, Light & Power Company, affected a consolidation with the Birmingham Railway & Electric Company, and the last consolidated company assumed the name of the Birmingham Railway, Light & Power Company." It is not stated when the second consolidation took place, nor how or under what authority it was effected, but it is admitted that the defendant preserved its identity in the name, and it is not shown that its identity was otherwise changed. No question was raised in the pleading by demurrer to the complaint or by plea, in respect to the "subsequent consolidation," but it is urged that it is raised by the refusal of the lower court to give the general charge requested by the defendant, upon the ground of a variance between complaint and proof. The complaint avers that the consolidation had on the 5th day of November, 1900, was had under the laws of Alabama, and the answer of the defendant to the interrogatories also, so states. We think this to mean nothing more nor less than that the consolidation of November, 1900, was effected under the statutes, §§ 1202, 1203 and 1204 of the Code of 1896. Section 1204 reads as follows:

"The parties may, by their agreement of consolidation, adopt the name and charter of either corporation as the name and charter of the consolidated corporation, and may make such changes and provisions as to the amount of stock and the number of directors of the consolidated corporation as they may think proper. The consolidated corporation shall be entitled to all the property and rights of each of the uniting corporations, and liable to the debts and obligations of each of them. Suits pending for or against either of the original corporations, at the time of the consolidation, are not abated, but shall proceed in the name of the consolidated corporation. And such consolidated corporation shall be entitled to all the rights and privileges which such corporation would be entitled to under the laws of this state as now existing, regulating street-railways, electric light or gas companies."

As a rule, corporate identity is fixed by its corporate name. Under the provisions of the statute the debts and obligations of the constituent company follow it into the consolidation, and becomes the debts and obligations of the consolidated company, as much so as if they had been originally created by it. And this is so as to every successive consolidation. For aught that appears the second consolidation, if it was effected under the statute, was had after this suit was commenced and, of course, while pending. The statute says, "suits pending for or against either of the original corporations, at the time of the consolidation, are not abated, but shall proceed in the name of the consolidated corporation." If the second consolidation occurred while the suit was pending, and corporate identity in name was preserved, under the statute, the suit would proceed in that name, as though no consolidation had occurred. If a different name from that by which the defendant had been sued, had been assumed under the consolidation, then all that was necessary or required under the statute, was for the suit to proceed in such different and assumed name. The rights of the parties in the pending suit was in no wise affected by the consolidation.

Demurrers were filed to the complaint, and the ruling of the court below on the same constitute the grounds

[Birmingham Railway Light and Power Co. v. Enslen, Admrx.]

for the first two assignments of error on the record. These assignments are not insisted on in argument. It may be that the second count does not state a cause of action. See *Southern Ry. Co. v. Bunt,* 131 Ala. 591.

The questions to the witness Mack, which were objected to by the defendant on the ground of immateriality, called for evidence tending to show that the place where the alleged injury occurred, had been made a regular stopping place by custom, and, indeed, later on in the trial it was developed in evidence, and not disputed, that said place was a regular stopping place for its cars going east, and the injury to plaintiff happened when going east on one of defendant's cars.

The defendant was operating a street railway, and we think it permissible to show that a particular place had by its custom become a stopping place for receiving and discharging passengers.

Assignments of error from six to seventeen inclusive relate to rulings of the trial court on objections to evidence as to complaints and expressions of pain and suffering by said intestate during his life and after receiving the injury inflicted upon him by the alleged negligence of the defendant's agents. On the authority of *Kansas City, Memphis & Birmingham R. R. v. Matthews,* decided at the present term of this court, this evidence was competent, and the court committed no error in its rulings on the objections and exceptions taken to it. There was no error in overruling the objection to the question to the witness, Dr. R. A. Jones, which constitutes the ground of the eighteenth assignment of error. This witness was shown to be a medical expert, and this question merely called for his opinion as an expert, and on a matter in which expert evidence was admissible. *Page v. State,* 61 Ala. 16.

There were a number of written charges given at the request of the plaintiff, all of which are assigned as errors, but not all insisted on in argument. There were, also, several charges requested by the defendant, which were refused and here assigned as errors, but all of these are not insisted on in argument.

The refusal of the court to give the general charge requested by the defendant is the first insistence in argu-

[Birmingham Railway Light and Power Co. v. Enslen, Admrx.]

ment by counsel of error as to the assignments of error on charges. This insistence is based solely upon the theory of a variance in the complaint and evidence. We have already adverted to this question in the forepart of this opinion.

The third and fourth charges requested by the defendant were asked as to the second count of the complaint, which counted on wanton or intentional wrong. These charges expressed in different phraseology, were the general affirmative charge in favor of defendant. The rule is, that whenever there is a material conflict in the evidence, or when there is evidence reasonably affording inference adverse to the right of recovery by the party asking the charge, the general affirmative charge should never be given. The necessities of this case do not require a discussion of the application of the rule, which would call for a review of the evidence and its tendencies, as the judgment must be reversed for an error committed in the instructions given at the request of the plaintiff.

The complaint contained two counts. The first being predicated on simple negligence, and the second on wanton or intentional misconduct. The defendant filed four pleas. The first two being the general issue. The third and fourth, which were pleaded to each count of the complaint separately set up contributory negligence on the part of the plaintiff. No demurrer was interposed to these pleas as constituting an insufficient answer to the second count, but issue was taken on them as pleaded. The sixth charge given at the request of the plaintiff required a verdict in favor of the plaintiff, although the jury should believe from the evidence, that plaintiff's intestate was guilty of negligence. Under the issues, this was clearly error.

The fourth, seventh and tenth charges given at plaintiff's instance are the only other charges discussed by appellant's counsel. We think the facts postulated in these charges, are stated with hypothesis and are consequently not subject to the objection that the facts are assumed.

For the error pointed out the judgment must be reversed and the cause remanded.

Reversed and remanded.

[Southern Railway Co. v. Douglass.]

McClellan, C. J., Haralson and Denson, JJ., concurring.

