# Grasselli Chemical Co. *v.* Davis.

*Personal Injury Action by Employe.*

(Decided June 30, 1909.  Rehearing denied Feb. 26, 1910.
52 South. 35.)

1. *Master and Servant; Injury to Servant; Defects in Plant.*—
Within subdivision 1, section 3910, Code 1905, a ladder used in doing
the master's work is a part of the plant, and the master is liable
for injury caused by a defect in it.

2. *Same; Evidence.*—Where the action was for injury to a servant
·caused by a fall from a ladder, a question as to the position of the
ladder when the witness went to the place after the action, was
properly disallowed, in the absence of evidence showing that the
ladder was in the same position as when the servant fell.

3. *Same; Contributory Negligence.*—Under section 3910, Code
1907, in order for the master to escape liability, the servant must
·either have knowledge of the defect or it must be obvious to the
senses, unless the servant is charged with the duty of inspection;
the duty does not rest upon the servant to discover latent defects
in the plant.

4. *Same; Pleading.*—Where the defect charged in the complaint
.as proximately contributing to the injury was a defect in the ladder
used by the servant, a plea asserting that the plaintiff was guilty of
negligence which proximately contributed to his injury in negligently
failing to discover the alleged defect in the ladder although he
would have done so if he had exercised reasonable care is defective
in not alleging facts showing a duty on the part of the servant to
inspect or as showing that the defect was obvious.

5. *Same; Instruction.*—Where the action was for injury caused
·by a defect in the ladder charges asserting that there could be no
recovery by the plaintiff unless the jury were reasonably satisfied
from the evidence that a named fellow servant was guilty of negli-
gence either in failing to discover or in failing to repair the defect
in the ladder, and that there could be no recovery by plaintiff unless
the jury were reasonably satisfied that such fellow servant was guilty
of negligence, was properly refused because of the fact that there
·was evidence tending to show that the injury occurred before the
named fellow servant was placed in charge of the repairs.

6. *Damages; Personal Injuries; Pleading and Proof.*—The
allegations in a complaint that plaintiff was made sick, sore
and lame, are sufficient to authorize proof of muscular contraction
of the knee and fracture of the hip.

7. *Costs; On Appeal; Bill of Exceptions.*—Where the bill of ex-
ceptions violates rule 32, page 1536. Code 1907, the cost of the
·appeal will be taxed against the appellant.

8. *Appeal and Error; Reservation of Grounds.*—Where no excep-
tion is reserved to the action of the trial court in sustaining ob-

[Graselli Chemical Co. v. Davis.]

jection to a question asked at the trial, the objection to the question cannot be considered on appeal.

9. *Evidence; Res Gestae; Suffering.*—In an action for injuries to a servant the attending physician may testify as to whether he complained of any suffering or pain, as it related to the expression of pain at the time of the treatment, and was not a mere narrative of past transactions.

10. *Same; Expert Evidence; Hypothetical Question.*—Where the physician had testified that the shortening of the limb was due to a tubercular trouble and there was evidence tending to show the facts hypothesized in the question, it was not error to permit the physician to be asked whether, if the plaintiff lived to be about forty years old and never had any trouble with the injured limb, and that it developed as well as the other limb, whether that would indicate there was not likely to be tubercular trouble there, as each party make take the opinion of an expert on his theory of the case.

11. *Witnesses; Impeachment; Cross Examination.*—It is always permissible on cross examination to test the accuracy of the statement of a witness by asking him if he had not on a particualr occasion made a certain statement contradictory to his present testimony. This rule is not changed by the fact that the previous testimony is in writing as the witness on request to see the writing may have it shown to him although it is not permissible to introduce the writing in the first instance.

12. *Same; Right of Party to Impeach His Own Witness.*—A party introducing the deposition of opposing party taken on interrogatories make such witness his witness and cannot impeach him; but under sections 4053 and 4056, Code 1907, the party taking the deposition is not obliged to offer it in evidence, and the mere showing of the answer to a witness for the purpose of refreshing his memory, would not be such an introduction of the depositions in evidence as to make deponent the party's witness, thus precluding impeachment.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by W. O. Davis, against Garselli Chemical Company for personal injuries. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The first count and the second count were drawn under subdivision 1 of the employer's liability act (Code 1907, § 3910), and counted on a defect in the ways, works, machinery, and plant, etc.; the first count alleging that the stepladder used in doing said work about which plaintiff was engaged in pursuit of his employment was insecurely and improperly fixed thereto, and on account thereof, when plaintiff stepped on said lad-

der, it broke or gave way, throwing him to the ground and inflicting the permanent injuries set out. The averment of the defect in the second count is that the step in said ladder was insecurely and improperly put in and not able to support the weight of plaintiff, and, when he stepped on it, it broke with him, etc.

The fifth plea was as follows: "The defendant says that the plaintiff was guilty of negligence which proximately contributed to his injury in this: Plaintiff negligently failed to discover the alleged defect in said ladder, although he would have done so if he had exercised reasonable care and diligence in the performance of his duties under the said employment." The demurrers were that no facts were averred showing that plaintiff was under any duty to discover the said defects, and that it is not averred that plaintiff knew of said defect, or that he appreciated the danger arising from said defect.

The following charges were refused to the defendant: (1) "You cannot find for the plaintiff unless you are reasonably satisfied from the evidence that Johnsey was guilty of negligence either in failing to discover or in failing to repair the defect in the ladder, if you believe it was defective." (9) "There can be no recovery by the plaintiff unless you are reasonably satisfied that Johnsey was guilty of negligence." (2) "I charge you that the plaintiff was not entitled to recover any damages for the muscular contraction in his knee, if you believe that he suffered from such muscular contraction." (5) General affirmative charge. (6) Affirmative charge as to the second count. (7) Affirmative charge as to the first count. (8) "I charge you that you cannot award any damages to the plaintiff for injuries to his hip joint, if you believe he has suffered such injuries."

TILLMAN, GRUBB, BRADLEY & MORROW, and CHARLES
E. RICE, for appellant. The court should have sustain-
ed demurrers to the 1st count in the complaint. The
ladder was a mere hand tool.—*Sheridan v. Gorman
Mfg. Co.,* 13 L. R. A. (N. S.) 687; *Calhill v. Hilton,*
13 N. E. 339; *Marsh v. Chickering,* 101 N. Y. 396; *Bor-
den v. Daisy Roller M. Co.,* 74 N. W. 91; *Meador v.
Lake Shore R. R. Co.,* 46 Am. St. Rep. 388. See also
68 N. E. 936; 98 Fed. 192; 98 Wis. 35; 94 Wis. 596;
108 N. W. 516. On the same authority the court erred
in overruling demurrer to the second count. It was
not competent to show by the physician complaint of
pain or suffering.—3 Wig. on Evi. 2209. The court err-
ed in permitting the witness to testify as to the posi-
tion of the ladder after the injury.—Wigmore on Evi.
p. 514; 20 A. & E. Ency. of Law, 86. The court erred in
permitting a hypothetical question propounded to Dr.
Pressley.—1 Wig. sec. 682. See also section 672. The
court erred in sustaining demurrer to the 5th plea.—1
Bailey on Personal Injury, sec. 459-461-796; 20 Cyc.
134; Dresser, p. 429; 152 U. S. 107; 104 Ala. 516; 91
Ala. 444; 110 Ala. 271. The appellant was under no
duty to inspect the tools furnished the appellee, the lat-
ter being considered a hand tool within the operation
of the rule requiring the appellee to assume the risk of
injury.—108 N. W. 516; Id. 514; 20 Cyc. 89. The court
erred in refusing appellant's second charge.—*A. G. S.
v. Tapia,* 94 Ala. 231; *Dowdell v. King,* 97 Ala. 636;
*City Del. Co. v. Henry,* 139 Ala. 166; Watson on
Damages, 814; 1 Sutherland on Damages, 895; 8 A. &
E. Ency. of Law, 544. Counsel discuss other assign-
ments of error relative to charges, but without citation
of authority.

FRANK S. WHITE & SONS, for appellee. The court
should strike the bill of exceptions because of its fla-

[Graselli Chemical Co. v. Davis.]

grant violation of rule 32.—*Woodward I. Co. v. Herndon,* 130 Ala. 375; *Chicago Portriat Co. v. Robbins,* 45 South. 217. The court properly overruled demurrers to the 1st count as the ladder was part of the plant.— *S. S. S. & I. Co. v. Mobley,* 139 Ala.; *Ga. Pac. Ry. Co. v. Brooks,* 84 Ala. 138; *Bir. F. & M. Co. v. Gross,* 97 Ala. 220. See also 19 Q. B. Div. 645; 14 R. C. S. C. 621; 77 Ga. 748; 13 Q. B. Div. 122; Id. 583; *Going v. Ala. S. & W. Co.,* 141 Ala. 548. For the same reeasons the court did not err in overruling demurrer to the second count. The question as to the complaint of pain and suffering directed to the attending physician was proper.—*Bir. R. L. & P. Co. v. Moore,* 151 Ala. 331; *Bir. R. L. & P. Co. v. Ensley,* 144 Ala. 349; *K. C. M. & B. v. Matthews,* 142 Ala. 299; *B. U. R. R. Co. v. Hails,* 90 Ala. 8. The court properly permitted the hypothetical question.—*Page v. The State,* 61 Ala. 16; *Parish v. The State,* 139 Ala. 42; Id. 77; *Bir. R. L. & P. Co. v. Enslen, supra.* The court did not err relative to the attempt to impeach the witness.—*Southern Ry. Co. v. Hubbard,* 116 Ala. 387; *Saltmarsh v. Bower,* 22 Ala. 221. The court did not err in sustaining demurrer to the 5th plea.—92 Ala. 300; *T. C. I. & R. R. Co. v. Herndon,* 100 Ala. 451; 121 Ala. 197; *Osborn v. Ala. S. & W. Co.,* 135 Ala. 575; *Creola L. Co. v. Mills,* 149 Ala. 482. Counsel discuss other refused charges. As to the second charge they cite *Bir. R. L. & P. Co. v. Brown,* 150 Ala. 331; *Same v. Moore,* 148 Ala. 115; *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 233; 16 Enc. P. & P. 377; 21 S. E. 752; 70 N. W. 444; Id. 537. As to the 8th charge they cite Watson on Damages, secs. 693-45 and 700; 11 Ohio St. 579; 21 S. E. 752; 11A Ala. 616; 128 Ala. 642. The court properly denied the application for a new trial.—*Bir. R. L. & P. Co. v. Lindsey,* 140 Ala. 312; *Cobb v. Malone,* 92 Ala. 602.

SIMPSON, J.—This suit is by the appellee against the appellant, claiming damages for injury to the plaintiff as an employe of the defendant. The first assignment of error insisted on is to the overruling of the demurrer to the first count of the complaint. The gravamen of this insistence is that the ladder, described in said count, is not a part of the "plant" of the defendant. It is true that the cases from the courts of other states, cited by appellant, do hold that a ladder is a tool, and not a part of the "plant." On the other hand, there are cases in the English and other courts which hold to the contrary. We hold that, under the principles laid down by our court, the ladder is a part of the "plant."—*Sloss-Sheffield Steel & I. Co. v. Mobley, Adm'x,* 139 Ala. 425, 434-437, 36 South. 181; *Going v. Ala. Steel & Wire Co.,* 141 Ala. 537, 548, 37 South. 748. Consequently there was no error in overruling the demurrer to either the first or second counts of the complaint.

There was no error in overruling the objection to the question to Dr. Masterson: "Did he, or not, complain of any suffering or pain?" This related to the expressions of the plaintiff at the time he was being treated, and was not subject to the objection that it was a mere narative of a past suffering.—3 Wigmore on Evidence, §§ 1718 1719 pp. 2208, 2209; *Birmingham Ry., L. & P. Co. v. Moore,* 151 Ala. 331, 43 South. 841; *Birmingham Ry., L. & P. v. Enslen,* 144 Ala. 349, 39 South. 74; *Birmingham Union Ry. Co. v. Hale,* 90 Ala. 8, 8 South. 142, 24 Am. St. Rep. 748.

The court did not err in sustaining the objection to the question to the witness Dunham as to the position of the ladder when witness went to the place, after the accident, as there was no evidence that the ladder was in the same position as when the plaintiff fell.

[Graselli Chemical Co. v. Davis.]

There was no error in permitting the hypothetical question to Dr. Pressley: "I say, suppose—you speak of fever when he was 18—that he lived to be about 40 years old, never had the slightest trouble with that limb, that it developed as well as the other limb, would not that indicate there was not likely to be any tubercular trouble there?" The objection to this question is that it does not properly hypothesize the evidence. The doctor had testified that the shortening of the limb was due to tubercular trouble, and not to fever, and there was evidence tending to show the facts hypothesized. While it is true that the jury may be misled. by allowing the opinion of experts on hypothesis not in accordance with the evidence, yet each party has the right to take the opinion of the expert on his theory of the facts.—1 Wigmore on Evidence, §§ 672, 682; *Page v. State,* 61 Ala. 18; *Birmingham Ry., L. & P. Co. v. Enslen, Adm'x,* 144 Ala. 343, 344, 349, 39 South. 74; *Parish v. State,* 139 Ala. 18, 43, 36 South. 1012; Rogers on Expert testimony, § 28, p. 39.

The eigth, ninth, thirteenth, and fourteenth assignments of error are to the action of the court in sustaining objections to the questions, by defendant to the plaintiff, on cross-examination, as to whether he had not made statements, when he was examined under the statute, contradictory to what he had just testified. The only objection offered was that the writing was the best evidence. The court erred in sustaining this objection. It is always the privilege of a party on cross-examination to test the accuracy of the statements of the witness, by asking him if he has not on a particular occasion made a certain statement contradictory to his present testimony. The fact that the previous testimony was in writing does not change the rule, nor is it necessary to introduce the writing in the first in-

[Graselli Chemical Co. v. Davis.]

stance. If the witness requests to see the writing, it would have to be shown to him; but the defendant could not introduce it for any purpose.—*Birmingham Ry., Light & Power Co. v. Oden,* 164 Ala. 1, 51 South. 240.

Such evidence is for the purpose of impeaching the accuracy or credibility of a witness, and while a party who introduces deposition of the opposing party, taken on interrogatories, makes him his witness and cannot impeach him (*Warren v. Gabriel,* 51 Ala. 236; *Wilson v. Maria,* 21 Ala. 359), yet he is not obliged to offer the deposition (Code 1907, §§ 4053, 4056); but merely showing the answer to the witness, for the purpose of refreshing his memory as to what he has sworn, would not be introducing it in evidence. In the case of *So. Ry. v. Hubbard,* 116 Ala. 387, 22 South. 541, the party offered portions of the answers of the witness "for the purpose of contradicting the plaintiff's testimony on the witness stand," and the reasoning of the court, in refusing to allow it, was that this was offering the portion in evidence, without offering all, which could not be done, and the court said that such portion could not be offered for the purpose of impeaching him because "a proper predicate was not laid to authorize the admission of contradictory statements for impeachment purposes," the very thing which defendant was endeavoring to do here.

For the same reasons the question to the same witness, "Did you remember, at the time you answered the interrogatories, that Henry Redus was present?" should have been allowed.

The record does not show that any exception was reserved to sustaining the objection to the question to the plaintiff as to whether he did not find a check covering every week from the time he got hurt till December, 1906; hence it cannot be considered.

[Graselli Chemical Co. v. Davis.]

There was no error in sustaining the demurrer to the fifth plea. While it is true that the employe is held to the observance of reasonable care in the discharge of the duties devolving upon him, yet that does not place upon him the responsibility of discovering latent defects in the plant. The only exceptions, in the statute, to the liability of the master for defects in the plant, are: First, "if the servant or employe knew of the defect," etc.; and, second, "unless the defect * * * arose from," etc.—Section 3910, Code 1907.

We are not to be understood as intimating, however, that the defendant may not set up the plea of contributory negligence in these cases; but the statute is persuasive to show, and it is in accordance with our decisions, that, unless the plaintiff is charged with the duty of inspection, he must either have knowledge of the defect or it must be obvious to the senses. In the quotation made by the appellant from Dresser, the author in speaking of the defense of assumption of risk, says: "An employe is presumed to have notice of and to have assumed all such risk and hazards which, to a person of his experience, are or ought to be *patent or obvious*" (italics ours), and the entire context shows that he is referring to obvious defects.—2 Dresser's Liability, § 94, p. 429 (bottom page 224). The case of *Sheridan v. Grahama Mfg. Co.,* 28 R. I. 256, 66 Atl. 576, 13 L. R. A. (N. S.) 687, is based upon a system of pleading different from ours, under which it seems to be required that the complaint must show the absence of contributory negligence, and it was held that the mere allegation of absence of knowledge did not exclude the idea the defect was obvious (first headnote, and page 691 of 13 L. R. A. [N. S]). The same principle is involved in the cases of *Olsen v. McMurray C. L. Co.,* 9 Wash. 500, 37 Pac. 679, 680, and *Writt v. Girard Lumber Co.,* 91 Wis. 496, 65 N. W. 173, 174.

In our own case of *A. G. S. Ry. Co. v. Roach,* 110 Ala. 266, 270, 20 South. 132, while the court held that the absence of a special allegation that the dangers were obvious did not render the plea demurrable, yet, it was because the facts alleged showed that it was obvious. In the case of *Jones & Hooks v. Finch,* 128 Ala. 217, 220, 29 South. 182, 183, where a mule was killed by coming in contact with a trolley wire which was hanging down, this court said: "The driver having a right to assume that the way was free from such dangerous obstruction, and not becoming aware of its presence before the animal was stricken, is not chargeable with contributory negligence." In the case of *Osborne, A'dm'x, v. Ala. Steel & Wire Co.,* 135 Ala. 571, 572, 573, 575, 33 South. 687, 688, this court said: "To withstand an appropriate demurrer, a plea of contributory negligence must be beyond averring negligence, as a conclusion, and must aver a state of facts to which the law attaches that conclusion." And it was accordingly held that a plea alleging that the plaintiff knew of the facts was good, while one alleging that "he knew or could have known by the exercise of due care" was insufficient.

Said fifth plea does not allege any facts showing any duty on the part of the plaintiff to inspect, nor that the defect was obvious.

Charges 1 and 9 requested by the defendant were properly refused, as there was evidence tending to show that the injury occurred before the time when Johnsey was placed in charge of the repairs.

There was no error in the refusal to give charge 2, requested by the defendant. While it is true that special damages, to be recoverable, must be specially alleged, yet the allegation that plaintiff "was made sick, sore, and lame" was sufficient to cover the muscular

[Graselli Chemical Co. v. Davis.]

contraction of the knee.—*Birmingham Ry., Light & Power Co. v. Brown,* 150 Ala. 327, 331, 332, 43 South. 342; *Ehgrott v. Mayor, etc., N. Y.,* 96 N. Y. 265, 277; 48 Am. Rep. 622; 16 Ency. Pl. & Pr. pp. 385, 386, and note 1; *Yeager v. Bluefield,* 40 W. Va. 484, 21 S. E. 752, 753; *Hanson v. Anderson,* 90 Wis. 195, 62 N. W. 1055, 1056. In the case of *City Delivery Co. v. Henry,* 139 Ala. 161, 165, 166, 34 South. 389, there was no description of the extent of plaintiff's injury, except that it was "serious," and that he "suffered both in body and mind," and the point was raised by demurrer.

There was no error in refusing to give either of charges 5, 6, or 7, requested by the defendant.

There was no error in the refusal to give charge 8, requested by the defendant. While it may be true that there was no evidence of the "fracture" of the hip, yet, under the principles referred to in treating of the second charge, the injury to the hip was covered by the general averments of the complaint.

The bill of exceptions violates rule 32 of the Code, vol. 2, p. 1256, and the costs of this appeal will be taxed against the appellant.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.