[Briggs v. Birmingham Railway, Light & Power Co.]

# Briggs *v.* Birmingham Railway, Light & Power Company.

## *Electrical Injury.*

(Decided October 14, 1915.    Rehearing denied November 18, 1915.
69 South. 926.)

1. *Evidence; Opinion; Experts.*—Where the action was for death caused by electric shock, involving questions as to whether an electric arc lamp was properly and safely insulated, whether it was insulated as required by a city ordinance, whether it was possible or practicable to insulate such light as required by the ordinance, and the question of law whether such ordinance was unreasonable because of the impracticability of complying with it, testimony of experts was proper, if not necessary to enable the jury and the court to pass upon such questions.

2. *Same; Facts or Conclusions.*—It is not permissible as a general rule to examine a witness as to his conclusions or opinions, as these are to be found by the jury; but where the opinion is an inference of skill and judgment, then the legal course is to ask such questionss as will elicit such facts from which the jury draw their own conclusion.

3. *Same; Hypothetical Question.*—Each party has the right to have the opinion of experts on his theory of the facts, notwithstanding the jury may be misled by allowing the opinion of experts on hypotheses not in accordance with the evidence.

4. *Same.*—In passing upon the validity of an ordinance regulating the insulation of arc lamps, said to be unreasonable because of the impossibility of complying therewith, the court has a right to elicit evidence from experts that it might intelligently pass upon that question, for the validity of the ordinance was a question for the court, and not for the jury.

5. *Appeal and Error; Review; Theory.*—The fact that the attorney asking the question or the judge passing upon its admissibility, may have had no good reason, or assigned none, for admitting it, would not render the admission reversible error if the evidence sought was otherwise admissible, unless it appeared that the evidence was thereby admitted for an improper purpose.

6. *Evidence; Expert Testimony.*—Questions to an expert witness as to what was meant in the electrical world by insulating a piece of mechanism or the exposed parts of an arc lamp from the circuit, and whether the exposed part of certain lamps were insulated from the circuit, tending to elicit evidence, based upon facts of which the witness had actual knowledge, as well as upon abstract hypotheses, were proper.

18—194

7. *Same.*—It was not valid objection to the answer of the expert that it assumed the form of a conclusion.

8. *Same; Court Question.*—Whether a witness is qualified to testify upon a question as an expert, is a question addressed to the court and not to the jury.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Irene Briggs as administratrix against the Birmingham Railway, Light & Power Company for damages for the death of her intestate. Judgment for defendant, and plaintiff appeals. Affirmed.

ALLEN, BELL & SADLER, for appellant.

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellee.

MAYFIELD, J.—This case was here on a former appeal, and it has been twice thoroughly considered. See report of the case, 188 Ala. 262, 66 South. 95, for a statement of the case. On that appeal several of the questions involved on this appeal were settled, and we now have no cause or occasion to further discuss these question. We find no error as to the rulings of the trial court on questions of admissibility of evidence.

(1) This is a typical case, in which expert evidence is not only proper, but is, to some extent and for some purposes, the only availing evidence, from the very nature of the questions raised by the pleadings. Some of these issues were whether or not an arc lamp, suspended in the streets of the city of Birmingham, was properly or safely insulated for use in such place; second, whether or not such lamp was insulated as required by a particular ordinance of the city of Birmingham, a violation of which, in this respect, was alleged to have been the proximate cause of the injury; third, whether

it was possible or practicable to insulate such lights in such places as was required by the ordinance. The question of law for the court, raised-by the issues, was whether or not the ordinance was unreasonable, and therefore void.

(2) It is, as a general rule, not permissible to examine as to the opinions or conclusions of a witness, for these are to be formed by the jury, unless where the opinion is an inference of skill and judgment. The legal course is to ask such questions as will elicit facts, from which the jury may draw their own conclusions.—*Isaacs v. Boyd,* 5 Port. 388; *Western Steel Car & Foundry Co. v. Bean,* 163 Ala. 255, 50 South. 1012; *Cen. Ga. Ry. v. Clements,* 2 Ala. App. 524, 57 South. 52.

(3) While it is true that the jury may be misled, by allowing the opinion of experts on hypotheses not in accordance with the evidence, yet each party has the right to take the opinion of the expert on his theory of the facts.—1 Wigmore on Ev. 672, 82; *Page v. State,* 61 Ala. 18; *Birmingham Ry., L. & P. Co. v. Enslen,* 144 Ala. 343, 349, 39 South. 74; *Parrish v. State,* 139 Ala. 18, 43, 36 South. 1012; Rogers on Expert Testimony, 28; *Grasselli Co. v. Davis,* 166 Ala. 477, 52 South. 35.

(4, 5) While it is very true that the validity of the ordinance was a question for the court, and not for the jury, the court had a right of elicit evidence from experts on the subject of electricity and the insulation of arc lamps from circuits, so that the court could intelligently pass upon the question; moreover, the evidence was admissible, for the consideration of the jury as to whether or not there was actionable negligence in failing to properly insulate the lamp. The fact that the attorney asking the question, or the judge passing upon its admissibility, may have assigned, or had, no good

reasons for admitting it, would not render its admission reversible error, if the evdence sought was otherwise admissible, unless the evidence was thereby admitted for an improper purpose.

This evidence to which objections were made, related to a highly technical subject, and was proper, if not necessary, to enlighten the judgment of the trial court upon the subject of the validity of the ordinance, and that of the jury as to whether or not there was actionable negligence on the part of the defendant in the construction, operation, or insulation of its arc lights, one of which was the alleged cause of the intestate's injury or death. The plaintiff, appellant here, has no cause to complaint of the construction placed upon the ordinance by the trial court, for the reason that it affirmatively appears that the trial court held the ordinance valid, which was all that appellant could have asked.

As to this question the court, as decided before, had the power, and it was a duty resting upon the trial judge, to take evidence of experts, to inform himself to the end that he might properly decide this question of law. No judge could correctly decide this question without being informed as to the nature and character of the mediums, powers, and agencies to which the ordinance related. This information in the particulars must come through experts in the agency of electricity and its application to lighting streets of cities by means of arc lights. We find objectionable none of the evidence which was sought or elicited from the experts on this subject, as to which objections were interposed or exceptions reserved. It would serve no purpose to discuss or pass upon each of these exceptions severally. We shall treat them as counsel treat them in their brief—collectively, though each has been examined.

(6, 7) Two of the question propounded to the expert electrician were as follows: "I will repeat the question, Mr. Haralson, What is meant in the general electrical world when we speak of insulating a piece of mechanism from the circuit, as for instance, the 110-volt lamp that is burning in the room?"

"Now, suppose you had—take this particular arc lamp; suppose on the series of which this is a part there are from 50 to 60 lamps. This is a 72-volt lamp. In the electrical engineering world, when you speak of insulating the exposed parts of this arc. lamp from the circuit, what do you mean?"

"I will ask you whether the exposed parts of those lamps are insulated from the circuit."

We are of the opinion these or similar questions propounded to expert witnesses, tending to elecit evidence based upon facts of which the witness has actual knowledge, as well as upon abstract hypotheses, were proper, and that it is no valid objection to the expert's answer that it assumes the form of a conclusion.—*L. & N. R. R. Co. v. Stewart,* 128 Ala. 330, 29 South. 562, *Mobile Co. v. Walker,* 58 Ala. 290.

(8) There was no error in allowing the expert witnesses to state their opinion as to whether or not the arc lamps were properly insulated for the circuit. Whether or not the witnesses were qualified to testify upon the subject as experts was a question for the court, and not for the jury, as appellant contends, and we find no error in this respect; and we do not find that the court submitted this question to the jury.

We find no reversible error in the refusal of any of the plaintiff's requested charges. Each one refused was either erroneous, or argumentative, or possessed misleading tendencies, or was fully covered by other re-

quested charges given at the plaintiff's request. Some of the charges were palpably argumentative, some tended to mislead, by inducing the jury to believe certain facts were conceded or existed, as to which there was no proof, or which were disputed, and some were fully covered, so far as correct, by other specified written charges given at plaintiff's request.

We find no reversible error, and the judgment of the lower court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.