# Southern Bitulithic Company *v.* Perrine.

## Damages for Personal Injury.

(Decided November 7, 1914. Rehearing denied December 17, 1914.
67 South. 601.)

1. *Appeal and Error; Parties Entitled; Joinder of Parties.*—Where the action was in tort against two defendants, and there was a single judgment for plaintiff against one defendant, and for the other defendant, the defendant against whom the judgment was rendered could alone appeal, notwithstanding the rule that where there is one judgment against two or more defendants, fixing a joint, or a joint and several liability, all must join in the appeal, or one must appeal in the name of all, and give notice to the others, and have a severance, if the others failed to join.

2. *Municipal Corporations; Excavating Street; Damages; Evidence.*—Where the action was against a city and a contractor paving its streets under contract for an injury to a pedestrian caused by falling into an excavation, and the contractor set up that the accident was caused because of the negligence of a third person, who was an independent contractor, the plaintiff could show the relation of such third person to the contractor, and the work he was doing, for the proper execution of which he was responsible, and could prove by the city engineer who looked after the work, the channels through which such work was usually done, and what relation the city and its contractor had with the laborers and others engaged in the work.

3. *Witnesses; Cross-Examination; Irresponsive Answer.*—Where, on cross-examination the witness was pressed to state the reason for her conclusion, it was not error to decline to exclude the answer not responsive to the question.

4. *Same.*—Where the action was for personal injuries and a witness for defendant testified that he heard that a person was injured, and had visited plaintiff to inquire about her condition, it was proper to allow plaintiff on cross-examination to ask as to what his information was, and from whom he received it, the witness being very indefinite on that subject.

5. *Municipal Corporations; Injury to Pedestrians; Action; Evidence.*—Where the action was against a city and its paving contractor for injuries to a pedestrian from falling into an excavation on the street, and the complaint alleged that the contractor had a contract with the city to do that particular paving, the contract between the city and such contractor was admissible in evidence, to prove such allegation.

6. *Evidence; Expert; Hypothetical Question.*—Questions put to an expert need not hypothesize all the facts which the evidence tends to show, but each party may seek the expert's opinion on the state of

the evilence supporting his theory of the case, and on the cross-examination other phases of the evidence may be hypothesized.

7. *Same.*—On the examination of expert witnesses, the competency of the witness and the form of the question, are within the trial court's discretion, and unless the discretion has been abused, will not be disturbed on appeal.

8. *Same.*—Where the action was for personal injuries caused by plaintiff falling on her side into an excavation, and receiving injuries to her ribs, and a physician was being examined relative thereto, the sustaining of an objection to a question as to whether a blow on the ribs would tend to produce the condition of plaintiff as described by him, was within the court's discretion; the physician as an expert having examined plaintiff and described the condition in which he found her.

9. *Appeal and Error; Harmless Error.*—Where the physician and expert declined to give an expert opinion as to the cause of the condition of plaintiff when all the facts in evidence were hypothesized, any error in excluding a question as to whether a blow would tend to produce the condition of plaintiff was harmless.

10. *Same; Verdict; Review.*—Where a verdict was based on conflicting evidence and was not the result of passion, prejudice or bias, it will not be disturbed on appeal.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Action by Lillian Perrine agains the Southern Bitulithic Company and the City of Birmingham. There was a judgment for plaintiff as against the Southern Bitulithic Company and for the City, and the Southern Bitulithic Company appeals. Affirmed.

Motion was made for a severance. The nature of the pleadings sufficiently appear from the opinion, as do several of the objections and exceptions to evidence. The following are the assignments of error mentioned in the complaint:

(2) The court erred in overruling defendant's objection, upon the ground that it was not responsive to the question, to the statement of the witness Mrs. Caldwell, as follows: "If you saw negroes working for that company every day as long as they were in front of my house, would you suppose any of those negroes would have any right to come there for any other com-

pany on the same company's ground?" The question being, "Do you know it of your own knowledge?" (3) Overruling defendant's objection to the following question put by plaintiff's counsel to witness Webb: "Were there any repairs being done on Park Avenue on February 15th of this year?" (4) Same witness: "With whom did the city of Birmingham have a contract for paving Park avenue, February, 1911?" (5) Overruling motion of defendant to exclude the answer of the witness "the Southern Bitulithic Company." (7) Overruling objection of the same witness, "But the Southern Bitulithic Company did perform this contract, did they not?" (8) Erred in admitting over the objection of this defendant the proposal of the Southern Bitulithic Company to do certain work referred to in the proposal. (9) Overruling defendant's objection to the following question propounded to the witness Webb: "Now, I notice in this proposal that 3,000 lineal feet of the curbing was to be taken up and reset. Just explain what that is, please." (10) Overruling defendant's objection to the following question to witness Nicholson: "Did the Southern Bitulithic Company execute this portion of their proposal, which I have asked you to explain to the jury a moment ago, in words and figures as follows: 3,000 lineal feet of curbing, reset at 10 cents per foot?" (11) Objection overruled to question to same witness: "Now, did that curbing mentioned in that contract extend along the south side of Park avenue from Nineteenth street to Twentieth street?" (12) Overruling defendant's objection to question to same witness: "What is the custom, under a contract like this, when the contractor begins the work?" (14) Objection to question to the witness Robinson: "What were you told by some of the men?" (15) "What did the workmen say to you?"

PERCY, BENNERS & BURR, for appellant.

DENSON & DENSON, for appellee.

MAYFIELD, J.—Appellee sued appellant and the city of Birmingham to recover damages for personal injuries, the result of her stepping into a hole or depression in the sidewalk or street at or near the junction of Twentieth street and Park avenue.

It was claimed by plaintiff that appellant had contracted with the city of Birmingham to pave Park avenue, and that in doing this work it had negligently left the hole or depression into which plaintiff fell.

The trial was had on the general issue on count 8 of the complaint. The gravamen of this count was as follows: "Plaintiff fell into an excavation in said avenue, which excavation was made as follows: The city of Birmingham entered into a contract with the Southern Bitulithic Company to pave said avenue, and as a part of said contract said Southern Bitulithic Company agreed to take up and reset the curbing of said avenue and said excavation was the hole left in the ground by the taking up of said curbing by said Southern Bitulithic Company in executing said contract. * * * Said injuries were proximately caused by the negligence of the defendants which negligence consisted in this, the defendants negligently failed to take reasonable precautions necessary to prevent people from falling into said excavation."

The trial resulted in a verdict in favor of one defendant, the city of Birmingham, but against the other defendant (appellant) for $3,750, from the judgment for which amount the latter prosecutes this appeal.

(1) There can be no doubt that appellant can prosecute this appeal, and sever, and separately assign er-

rors, as has been done in this case. While there was but one judgment, it was not such a joint judgment that both defendants must unite in the appeal. The interest of the defendants in the judgment was not joint or mutual. Their interests were separate, distinct, and different, one from the other. The interest of the city was that it should not be reversed, while the interest of the paving company was that it should be reversed. There is no joint liability established by this judgment, but a several one. The liability alleged was both joint and several; that is, it was one in tort against two defendants. But the verdict and judgment made it several only, and the plaintiff failed as to the joint feature alleged, and she does not complain on this appeal. The paving company is therefore the only proper party to complain, it being the only one against whom judgment was rendered. The city could not assign errors, even if it were a party and desired so to do.

Where there is one judgment against two or more defendants, which fixes a joint, or a joint and several, liability, all must join in the appeal, or one must appeal in the names of all and give notice to the others, and, if they fail to join in the appeal, have a severance; but, where there is no joint judgment or no joint liability, the judgment fixing a several liability against one only, then, of course, the above rule as to the joint judgments and liabilities cannot apply.—*Craig v. Carswell*, 4 Stew. & P. 267; *Hunt v. Houtz*, 62 Ala. 36.

(2) The defendant paving company denied all the material matters alleged, and also sought to show that if there was any negligence in making the excavation, or in failing to guard or protect the public who were using the street from falling into the same, it was the negligence of one William Findley, employed by the appellant, as an independent contractor, to do the work

in question, alleged to be not intrinsically dangerous to the public; and that for the mere negligent execution of the work the appellant was not liable.

This was made one of the contested questions on the trial, and the evidence is not without conflict on this issue. Hence the trial court properly declined to give the affirmative charge on this theory of the defense.

There was evidence from which the jury might infer that the capacity in which Findley was working was not that of an independent contractor, but was such as to make the appellant liable in this case for his negligence in the execution of the work intrusted to him by the appellant.

This question being made an issue in the case, it was competent and proper for the plaintiff to introduce proof of any circumstance which tended to show the relation of Findley to appellant, and the work he was doing.

There are a number of assignments of error going to the rulings of the trial court, in the admission of evidence to show the character and capacity in which Findley did the work.

The fact that the city was being sued, also, made it proper for the plaintiff to show the work that was being done on Park avenue, and who was doing the work, and who was responsible for the proper execution thereof. For these reasons there was no error as to the admission of evidence offered by the plaintiff, and shown by assignments of error 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 14, 15.

(3) While Mrs. Caldwell's answer to defendant's question was not strictly responsive, it was not error to decline to exclude it. Defendant was cross-examining the witness, and was pressing her, by questions, to state the reasons which had led her to the conclu-

sion that the men doing the work were working for the defendant, and she merely answered these questions by asking defendant's counsel a question; but it did in fact state the reason which induced her to conclude that the men were working for the defendant.

(4) Defendant's witness Robinson, having testified that he had heard a lady was injured or hurt on or near Park avenue, and that he visited plaintiff's residence to inquire about her condition, it was proper to allow plaintiff's counsel to cross-examine this witness as to what his information was, and from whom he received it, as the witness was very indefinite in this regard.

(5) It was alleged that appellant had a contract with the city to pave Park avenue, and, of course, there was no error in allowing plaintiff to prove this contract by the contract itself.

As before stated, there was a conflict as to the character or capacity in which Findley was working—whether as a mere agent of plaintiff, or as an independent contractor. It was competent for the plaintiff to prove by the city engineer, who looked after such work for the city, the channels through which such work was usually done, and what relations the city and the contractor had with the laborers and other persons engaged in such work.

(6) We are of the opinion that there was no reversible error in declining to allow Dr. Prince to answer the question propounded to him. The question was: "Would a blow on the ribs tend to produce the condition you describe in this woman?" This witness was an expert as to the matter inquired about, and had examined the plaintiff, and described the condition in which he found her; and a material inquiry was whether or not the physical condition of the plaintiff was the

result of her falling into the depression in the street. She and her husband, who was present when she fell into the depression, had testified that she fell on her side and hurt her ribs. The ground of objection to the question was that it did not hypothesize the facts.

It is not necessary that questions to experts should hypothesize all the facts which all the evidence tends to show. Each party has the right to seek the expert's opinion upon that state of the evidence which tends to support his respective theory of the case. It is the object of a cross-examination of such witnesses to get their opinions upon other phases of the evidence, and, if desired, by hypothesizing all the facts.—*B. R. L. & P. Co. v. Fisher,* 173 Ala. 627, 55 South. 995.

It was said by this court, speaking through McClel-lan, J., in the case of *Morrissette v. Wood,* 123 Ala. 391, 26 South. 309, 82 Am. St. Rep. 127: "It is not necessary for such questions to postulate every fact of which there is any evidence before the jury, but they are unobjectionable if they hypothesize a state of facts which the jury is authorized to find."

The same rules are announced in *Parrish's Case,* 139 Ala. 16, 36 South. 1012.

(7) In the examination of expert witnesses, the competency of the witness, and the forms of the questions, are for the court, and not for the jury; and the court's decisions on these questions will not be revised, unless it is made clearly to appear that they were erroneous, or an abuse of the discretion.

(8, 9) In this case we are not willing to say that it is made clearly to appear that it was error to decline to allow Dr. Prince to answer this question, and certainly not that there was any abuse of the discretion. It also appears that this witness declined to give an expert opinion as to the cause of the condition of

plaintiff, when all the facts in evidence were hypothe-sized, including the one hypothesized by the defendant in its question the answer to which was refused. If the witness could not answer when all the facts were hy-pothesized, then certainly he could not answer when only a part were hypothesized. There was consequently no injury from this ruling.

(10) Whether the evidence as to the cause or extent of plaintiff's injury was true or false is not a question for the trial court or for us, if believed by the jury (and this was exclusively a question for them). There was evidence to support the verdict, and the amount thereof is not so great that we can say it was the result of bias, passion, or prejudice. It therefore results that we can-not say the trial court erred in denying defendant's motion for a new trial.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.