(94 South. 281)

### STEELE–SMITH DRY GOODS CO. v. BLYTHE.  (6 Div. 721.)

(Supreme Court of Alabama.  Oct. 26, 1922.)

**1. Food ⬤⟳25—Complaint alleging defendant for reward served unwholesome food, which made plaintiff ill, held sufficient.**

A complaint alleging that defendant operated a café and served food, for which he was paid, that was unwholesome, and the eating of which made plaintiff ill, *held* sufficient to state a cause of action.

**2. Evidence ⬤⟳527, 528(2)—Expert testimony of physician as to effect of food and probable effect of illness held admissible.**

Testimony of a physician who had treated plaintiff as to the effect of certain food, and the probable effect of plaintiff's illness on her future physical status, *held* expert testimony, and properly admitted, particularly where his answers were guarded and conservative as to the future effect which the illness might produce.

**3. Trial ⬤⟳236(2)—Instruction that, if they believed witness swore falsely, jury might disregard his testimony, held error, as not requiring corrupt false swearing.**

The instruction, "I charge you, if you believe that any witness swore falsely as to any material point in this case, you may disregard his testimony entirely," *held* error, since the witness might have innocently and inadvertently sworn falsely, and under the instruction given the jury were authorized to and could have capriciously disregarded other material testimony of the witness, of the truth of which they were fully convinced.

**4. Trial ⬤⟳127—In action for damages, testimony tending to prove defendant had indemnity insurance held improper.**

In action for damages, testimony attempting to bring out the fact that defendant had indemnity insurance *held* improper.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action for damages by Mrs. J. H. Blythe against the Steele-Smith Dry Goods Company. From a judgment for plaintiff, defendant appeals.  Transferred from the Court of Appeals under Acts 1911, p. 449, § 6.  Reversed and remanded.

The complaint charges that the defendant operated a café; that plaintiff was served with food for which she paid; that said food was unwholesome, the eating of which made the plaintiff ill.

The court overruled the objection of the defendant to the following question propounded by plaintiff to the witness Elkourie:

"I will ask you, Doctor, if in your opinion soup which has a sour taste, or ropy substance and slimy appearance, if taken into the stomach would cause ptomaine poisoning?"

The charge given at plaintiff's request made the basis of assignment of error No. 2 is as follows:

"I charge you, if you believe that any witness swore falsely as to any material point in this case, you may disregard his testimony entirely."

T. A. Saulsbury, of Birmingham, for appellant.

━━━━━

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 219.    [2] Ante, p. 147.

The court erred in giving the charge set out in the second assignment of error, and in overruling defendant's objection to the question propounded to the witness Elkourie. 58 South. 72; 7 Ala. App. 599, 61 South. 42; 104 Ala. 471, 16 South. 538; 183 Ala. 273, 61 South. 81, Ann. Cas. 1916A, 543; 187 Ala. 490, 65 South. 530, Ann. Cas. 1916E, 565; 11 Ala. App. 644, 66 South. 942; 203 Ala. 486, 84 South. 266; 206 Ala. 1, 89 South. 729.

J. B. Aird, Jr., of Birmingham, for appellee.

The jury may disregard the entire testimony of any witness whom they believe to have sworn falsely to any material fact in the case. 4 Ala. App. 444. It was competent for the physician, in reply to a question that sufficiently hypothesized plaintiff's evidence, to give his opinion that ptomaine poison may be caused by eating impure food. 197 Ala. 34, 72 South. 354; 173 Ala. 623, 55 South. 995; 132 Ala. 471, 31 South. 573; 135 Ala. 433, 33 South. 276.

ANDERSON, C. J. [1] Count A of the complaint is substantially like the one held sufficient in the case of Greenwood Café v. Lovinggood, 197 Ala. 34, 72 South. 354, and the trial court did not err in overruling the demurrer thereto.

[2] The trial court did not err in the rulings in permitting the questions complained of to be asked the witness Dr. Elkourie. He was an expert, and the plaintiff had the right to elicit his opinion, based upon an hypothesis of her evidence. He had also treated her, and was capable of advancing an opinion as to the cause and nature of her illness and the probable effect it would have upon her future physical status. Moreover, the witness was guarded and conservative in his answers as to the future effect the illness might produce. Southern Co. v. Perrine, 191 Ala. 411, 67 South. 601; B. R. & L. Co. v. Fisher, 173 Ala. 627, 55 South. 995; Briggs v. B. R. L. & P. Co., 194 Ala. 273, 69 South. 926; Pullman Co. v. Meyer, 195 Ala. 397, 70 South. 763.

[3] The trial court erred in giving at plaintiff's request the written charge set out in and made the basis of the second assignment of error. It pretermits the fact that the witness must have willfully or corruptly sworn falsely as to a material fact. A witness may swear falsely, innocently or inadvertently, to some material fact in the case, and the jury may have believed it due to a mere error in observation, or of a failure to recall a material detail of the matter deposed about; and though the misstatement was not corruptly or willfully false, and was not such a one as to create in the minds of the jury a belief or conviction that the testimony of the witness as to other material facts was unworthy of credit, yet under such a charge the jury could capriciously disregard material testimony in the case, of the truth of which they were fully convinced. Keef v. State, 7 Ala. App. 15, 60 South. 963; Prater v. State, 107 Ala. 26, 18 South. 238; Gillespie v. Hester, 160 Ala. 444, 49 South. 580.

[4] Since this case must be reversed for the error in giving the above-mentioned charge, it is needless for us to pass upon the refusal of the court to grant the motion for a new trial. It is sufficient to suggest, however, by way of admonition that the questions of plaintiff's counsel, attempting to bring out the fact that defendant had indemnity insurance, were improper. It was not only done upon cross-examination of the plaintiff, but was repeated upon recall of defendant's witness, Mrs. Blue, after the trial court had previously ruled that it was not admissible.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.