Ex parte WOODWARD IRON CO.

LEWIS v. WOODWARD IRON CO.

(6 Div. 10.)

(Supreme Court of Alabama. Nov. 6, 1924. Rehearing Denied Nov. 27, 1924.)

1. **Master and servant ⬤⟹401—Demurrer to complaint alleging every matter specified by Compensation Act properly overruled.**

Demurrer to complaint distinctly alleging every matter specified by Workmen's Compensation Act, § 28, is properly overruled.

2. **Master and servant ⬤⟹408—Jury trial on issue of employé's "willful misconduct" authorized.**

Under Workmen's Compensation Act, §§ 21, 28, jury trial may be had when any willful violations of law or rules of conduct specified in section 9 are set up in avoidance of employer's liability; "willful misconduct" including all conscious or intentional violations of definite law or rules of conduct, obedience to which is not discretionary, as distinguished from inadvertent, unconscious, or involuntary violations.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Willful Misconduct.]

3. **Master and servant ⬤⟹408—Dependents of deceased "employé" may demand jury trial.**

Under Workmen's Compensation Act, § 21, authorizing "employé" to demand jury to try issue of willful misconduct, dependents of deceased employé may also demand jury; "employé" meaning "employé party."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employé.]

4. **Master and servant ⬤⟹408—Separate trial of special issue of willful misconduct not contemplated by statute.**

Workmen's Compensation Act, §§ 21, 28, do not contemplate separate and distinct trials of general issues and special jury issue of willful misconduct at different times.

5. **Master and servant ⬤⟹410½, New, vol. 7A Key-No. Series—"Special finding of material facts" in detail on issue of willful misconduct not required.**

"Special finding of facts" required by Workmen's Compensation Act, § 21, on trial of special jury issue of willful misconduct, does

not require special finding of material facts in detail; "special" importing simply limitation of finding to fact issue submitted.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Special Finding.]

**6. Master and servant ⊶410½, New, vol. 7A Key-No. Series—Jury need not make separate findings as to several willful acts pleaded in alternative.**

Workmen's Compensation Act, § 21, does not require that jury bring in separate special finding on each branch of willful misconduct, when several willful acts and omissions are pleaded in alternative.

**7. Trial ⊶108½—Jurors trying issue of willful misconduct in workman's compensation case may be qualified with respect to indemnity insurer.**

Where employer carries indemnity insurance, jurors trying issue of willful misconduct under Workmen's Compensation Act, § 21, may be qualified with respect to insurance company, though employer may be prejudiced and attempts to place fact of indemnity before jury as matter of evidence are condemned.

**8. Master and servant ⊶412—Appellant entitled to bill of exceptions on trial of jury issue in compensation case.**

When issue is properly submitted to jury in compensation case, appellant is entitled to bill of exceptions presenting court's rulings for review as in other cases.

**9. Appeal and error ⊶1051(3)—Admission of testimony as to matter admitted in answer not prejudicial to defendant.**

Admission of testimony as to matter which answer admitted could not have prejudiced defendant.

**10. Master and servant ⊶408—Employer not entitled to open and close argument on jury issue of willful misconduct of employé.**

That defendant carries burden of proof on sole jury issue of employé's willful misconduct in compensation case does not entitle it to open and close argument, unless plaintiff waives right by failing to exercise it; rule allowing party holding affirmative of issue to open and close having been repealed by 4 Code 1923, p. 901, rule 19.

**11. Master and servant ⊶380—Violation of employer's rules does not exclude resulting injuries from compensable class "arising out of and in course of employment," nor constitute "willful misconduct."**

Employé's violation of employer's rules, when not willful or intentional, does not exclude resulting injuries from class "arising out of and in course of employment," nor amount to "willful misconduct," within Workmen's Compensation Act, § 9.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

**12. Master and servant ⊶404—Preface to employer's rules held inadmissible on issue of willful misconduct.**

Printed preface to employer's rules *held* inadmissible, on issue of willful misconduct in violating them, to show their adoption to conserve employés' safety, as to which they must speak for themselves, without aid of employer's declarations, while willful violation thereof would prevent recovery, if they were reasonable, regardless of purpose.

**13. Master and servant ⊶412—Judgment in compensation case not reversed for insufficiency of recitals of facts and legal principles applicable.**

Judgment finding and adjudging every conclusion of fact essential to award of compensation for employé's death, will not be reversed merely for insufficiency of recitals of facts and legal principles applicable thereto, where record contains bill of exceptions, setting out all evidence and permitting fair review, and appellant has not been injured.

**14. Master and servant ⊶386(1)—Judgment awarding compensation corrected by reduction to 30 per cent. of weekly earnings after dependent child reaches 18.**

Under Workmen's Compensation Act, § 14, subds. 5, 6, 14, award of compensation to widow and sole dependent child of deceased employé, on basis of 40 per cent. of average weekly earnings, for period beyond that of child's dependency, will be corrected so as to allow such percentage until child is 18 and 30 per cent. thereafter.

Certiorari to Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Petition of the Woodward Iron Company for certiorari to the circuit court, Bessemer division, of Jefferson county, to review the finding and judgment of that court in a proceeding by Elizabeth Lewis against the Woodward Iron Company under the Workmen's Compensation Act. Corrected and affirmed.

In this proceeding the widow of Frank Lewis, deceased, recovered a judgment against the petitioner on behalf of herself and her minor daughter.

Frank Lewis was killed by a gas explosion while working in the defendant's (petitioner's) mine, on January 10, 1923, and the widow's complaint was filed on April 2, 1923. Defendant's demurrer to the complaint being overruled, an answer was filed admitting that the deceased was its employé, and recognizing the relationship and dependency of plaintiff and her daughter, but denying that deceased was, when killed, acting within the line and scope of his employment; and, also, that he was killed as the result of an accident arising out of and in the course of his employment. Also, the answer denied plaintiff's right to compensation because:

"The death of Frank Lewis was caused (1) by his own intention to bring about the injury

or death of himself or of another; or (2) was caused by his own willful refusal to use the safety appliances provided by the defendant; or (3) was due to the willful refusal or willful neglect of said Frank Lewis to perform a statutory duty; or (4) was due to the willful violation of the law by said Frank Lewis; or (5) was due to the willful breach of a reasonable rule or regulation of the defendant by the said Frank Lewis, of which rule or regulation (he) had knowledge."

The answer also averred the average weekly earnings of the deceased was $19.18, and not $35 as claimed.

Within five days after defendant's appearance and answer, plaintiff filed her written demand for a trial by jury upon the issue of the willful misconduct of the deceased, which, over defendant's objection made in various ways, was allowed by the court.

A jury was impaneled when the case was called for trial, and all of the testimony was heard by the judge and jury. The trial judge, however, instructed the jury as to the several acts of willful misconduct as set up in defendant's answer, except on the one numbered 2, as to which he stated that "the jury need not consider that issue, because it is not supported by the evidence in the case," and added:

"That is the only matter to be submitted to this jury, and only thing for you to determine —the things that I have submitted to you under this subdivision 3 of the answer."

The jury was further instructed to bring in a verdict finding the issue in favor of the plaintiff, or in favor of the defendant, as their finding might be. The trial judge refused to instruct the jury at defendant's request that "you must make and return a special finding of the facts on each issue submitted to you," and that "you must return a finding on each special issue presented to you."

The verdict was: "We, the jury, find the issue in this case for the plaintiff."

The record shows the following judgment entry:

"Plaintiff sues to recover compensation for the death of her husband in the mines of defendant on January 10, 1923.

#### "The Facts.

"The deceased, Frank Lewis, was foreman of a track crew and was working at night in the mines. He and his crew went into an abandoned heading to get some rails or trackage and remove it to another heading in the mine. The day mine foreman left instruction on order book for it to be done. There was conflict in the evidence as to the manner of doing it; some of the testimony showing that it was the duty of deceased and rule of the company for him to inspect before going into the abandoned heading, other testimony showing that the order to do the work presumed that the abandoned heading had been made safe and inspected by fire boss before order was given.

"The defendant in its answer pleaded special defenses under section 9 of Compensation Act. The plaintiff demanded a jury trial on these issues, which was granted, and the jury determined the issues submitted to it in favor of plaintiff and against defendant.

"It is ordered and adjudged by the court that the deceased was killed in an accident arising out of and in course of his employment with defendant of which it had notice; the deceased was earning an average of $18.35 per week for 52 weeks before his death and the complainant and her girl, 13 years old, were totally dependent upon deceased; that the deceased was not guilty of any misconduct that would bar the right of complainant to recover in this case.

"It is ordered and adjudged that complainant recover of defendant for use of herself and child 40 per cent. of $18.35, or $7.34, per week for a period of 300 weeks, and that all amounts due beginning February 1, 1923, be paid into court and the remainder to be paid as it matures.

"It is ordered and adjudged that $220.20 be paid to plaintiff's attorney and the remainder to complainant, and that defendant pay all costs for which let execution issue."

The opinion sufficiently states the questions presented by the assignments of error.

Huey & Welch, of Bessemer, for petitioner.

A complaint not meeting the requirements of the statute is demurrable. Acts 1919, p. 227, § 28; Steagall v. Sloss Co., 205 Ala. 100, 87 So. 787. Plaintiff was not entitled to trial by jury. Acts 1919, pp. 208, 224, 227, §§ 9, 21, 28; Ex parte Dunlap, 71 Ala. 73; Hawkins v. L. & N. R. Co., 145 Ala. 385, 40 So. 293; Harrington v. State, 200 Ala. 480, 76 So. 422; 25 R. C. L. 985; Page v. Bartlett, 101 Ala. 193, 13 So. 768; 11 Michie's Ala. Dig. 1111–1115. The finding of facts by the trial judge is insufficient. Ex parte Sloss Co., 207 Ala. 219, 92 So. 458; Globe Ind. Co. v. Dist. Court, 132 Minn. 249, 156 N. W. 120; Nelson-Spellicy v. Dist. Court, 128 Minn. 221, 150 N. W. 623; Mathews v. Forniss, 91 Ala. 157, 8 So. 663; Ex parte Colvert, 188 Ala. 650, 65 So. 964. The employé, having violated the rules, and thus was injured, did not receive his injury while in the course of his employment. Acts 1911, p. 514; 1 Honnold on Work. Comp. 320; Inland Steel Co. v. Lambert, 66 Ind. App. 246, 118 N. E. 162; 28 R. C. L. 801; 3 R. C. L. Supp. 1596; 4 R. C. L. Supp. 1856. Defendant's requested charges requiring special findings of fact by the jury should have been given. Acts 1919, p. 225, § 21; Code 1907, §§ 5360, 5361; Brock v. L. & N., 114 Ala. 431, 21 So. 994; Am. Ry. Expr. v. Barnes, 18 Ala. App. 295, 91 So. 912. Defendant should have been permitted to open and close the argument. McCutchen v. Loggins, 109 Ala. 457, 19 So. 810; Mathews v. Forniss, 91 Ala. 157, 8 So. 661; Acts 1919, pp. 208, 224, 227, §§ 9, 21, 28.

Goodwyn & Ross, of Bessemer, opposed.

The complaint contained every requirement of the statute, and was sufficient. Acts 1919,

p. 227, § 28. It was the right of plaintiff to demand trial by jury. Acts 1919, §§ 21, 28. The oral charge of the court fairly covered every phase of the case, which is sufficient. Acts 1915, p. 815.

SOMERVILLE, J. [1] The demurrer to the complaint was properly overruled, since it contained a distinct allegation of every matter specified by section 28 of the Workmen's Compensation Act (Gen. Acts 1919, p. 227).

[2] A strenuous contention is made by counsel for defendant that the special matters of defense set up under subdivision 3 of its answer did not present the issue of "willful misconduct," and hence that a jury trial of those matters was not authorized by the act, and their submission to the jury was erroneous.

Section 9 of the act provides that compensation shall be paid in every case of personal injury or death caused by an accident arising out of and in the course of the employment "without regard to any question of negligence, except no compensation shall be allowed for an injury or death caused by the willful misconduct of the employé or by the employé's intention to bring about the injury or death of himself or of another or due to his own intoxication or his willful failure or willful refusal to use safety appliances provided by the employer or due to the willful refusal or willful neglect of the employé or servant to perform a statutory duty or due to any other willful violation of the law by the employé or his willful breach of a reasonable rule or regulation of his employer of which rule or regulation the employé has knowledge."

Section 21 of the act gives jurisdiction of all cases arising thereunder to the circuit court, to be heard as other cases in tort, and the court is empowered to hear and determine such cases in a summary manner; the decision of the judge presiding being conclusive and binding between the parties. But, "when willful misconduct on the part of the employé is set up by the employer, *as it is provided for herein*, the employer may, upon appearing, demand a jury to hear and determine, under the direction of the court, the issues involved in this defense. If the employer fails to demand a jury upon appearing, the *employé* may demand a jury to try such issues by filing his demand within five days after the appearance of the employer. When a jury is demanded by either party the court must submit the issue of fact as to *willful misconduct set up by the* employer to the jury, for a special finding of the facts subject to the usual powers of the court over verdicts rendered contrary to the evidence or the law, but the judge must determine all other questions involved in the controversy without a jury. Upon setting up such defense the employer must serve a copy of the plea or answer setting up the defense upon the *employé* or his attorney of record."

Section 28 of the act provides for the procedure and pleadings in litigated cases, and declares:

"At the time fixed for hearing, or any adjournment thereof, the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury, unless one is demanded to try *the issue of willful misconduct* on the part of the employé decide the controversy. This determination shall be filed in writing with the clerk of the said court, and *judgment shall be entered thereon* in the same manner as in causes tried in the said circuit court, and shall contain *a statement of the law and facts and conclusions* as determined by said judge." (Italics all supplied.)

Defendant's argument is that a jury trial is authorized only when the defendant sets up the employé's "willful misconduct," using that very phrase, and not when he sets up any one or more of the specific intentional or willful acts or omissions stated in the alternative, following the general phrase. The contention, in short, is that the willful acts or omissions by the employé herein set up in defense are not to be included in the phrase "willful misconduct," designated in sections 21 and 28 of the act as the issue upon which a jury trial may be demanded.

This contention is without merit. We think that the phrase "willful misconduct," as used in the act, includes all conscious or intentional violations of definite law or definitely prescribed rules of conduct, as to which obedience is not discretionary, as contradistinguished from inadvertent, unconscious, or involuntary violations thereof. Most of the Workmen's Compensation Acts containing exceptions of this character prescribe "willful misconduct" as a defense against liability without specifying particular acts, though in a few instances intentional self-injury, and intoxication, are added. See Workmen's Comp. Statute Law (Hill and Wilkin), Maryland, Massachusetts, Michigan. In Minnesota, Nebraska, Nevada and New Jersey, the defensive prescription is willful negligence. The West Virginia act is, as to this provision, nearest like our own. We would find no difficulty in reaching the conclusion that all of the specifications of willful acts found in section 9 would be embraced under the general prescription of "willful misconduct," and that they are added merely ex majore cautela, in illustration of the general phrase preceding. Their introduction in the alternative form by the conjunction "or" is not, under the circumstances, of contrary significance. We entertain no doubt whatever of the proposition that a jury trial may be had upon the seasonable demand of either party when the willful misconduct of the employé, including any of the willful violations of law or rules of conduct

specified in section 9, is set up in avoidance of liability.

[3] But it is insisted also that the right to demand a jury trial upon that issue is given in terms to the employer on the one hand, and to the employé on the other; and the insistence is that, the right being given to the employé merely, it cannot be extended by implication and construction to the dependents of a deceased employé when they, or one of them, claim compensation by suit. In support of this contention counsel call attention to the associated provision that notice of the defense of willful misconduct must be given to "the employé or his attorney of record," thus, as argued, confirming the previous restriction.

This contention is plausible enough if the act is to be narrowly, literally, and technically construed. We do not think that rational minds can differ as to the intention of the Legislature, viz., to give the right of jury trial on the special issue stated to either party to the suit—to the plaintiff, whether the surviving employé, or his dependent suing in his stead—for the provisions of section 21 of the act, including the provisions for jury trial, are made applicable "in case of a dispute between employer and employé or between the dependents of a deceased employé and his employer." In giving the right to demand a jury to "the employé," it is evident that that term was used, inadvertently or for brevity, as a designation both of the employé, if living, and of those claiming under him, if dead. It means, in short, and can only mean, the employé party. Any other meaning would be absurd, and certainly unconstitutional.

We hold that the trial court did not err in allowing plaintiff's demand for a jury trial in this case.

Charge 9, instructing the jury that there was no issue for them to decide, was properly refused.

[4] There is nothing in the provisions of the act that prescribes or requires a separate and distinct trial at a different time of the special jury issue and the general issues of the case. Such a separation would be expensive and inconvenient, if not impracticable, and very clearly it was not contemplated by the act. Its only pertinent provision is (in section 28) that—

"At the time fixed for hearing, or any adjournment thereof, the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury, unless one is demanded to try the issue of willful misconduct on the part of the employé decide the controversy."

[5] Objection is made to the form of the verdict on the theory that the "special finding of the facts" required by section 21 means a finding and recital of the material facts, and not a verdict showing the conclusion on those facts. This theory is wholly untenable.

The word "special" imports simply a limitation of the finding to the issue of fact submitted. Juries try only on the facts, and verdicts are always findings of the facts. To require the jury to set out a special finding of the material facts in detail, instead of, as in ordinary cases, the ultimate facts submitted to them, would be to burden them with an impracticable duty, and would lead to endless and unprofitable quibbling over the meaning, effect, and sufficiency of the verdict.

[6] Nor can we find any merit in the contention that the jury should be required to bring in a separate special finding on each branch of the defense of willful misconduct, when several willful acts or omissions are pleaded in the alternative.

[7] It has been held proper, in cases where the defendant carries indemnity insurance, to qualify the jurors with respect to the insurance company, and we find nothing in the mode of procedure in this case of which defendant can complain. Citizens' L. H. & P. Co. v. Lee, 182 Ala. 561, 580, 581, 62 So. 199; Beatty v. Palmer, 196 Ala. 67, 71 So. 422. Attempts to place the fact of indemnity before the jury as a matter of evidence are, of course, reprehensible and have been justly condemned. Steele-Smith, etc., Co. v. Blythe, 208 Ala. 288, 94 So. 281. But that is not the case here, and if the mere fact of such qualification can, by its implications, work prejudice to the defendant, it is an evil for which we see no remedy.

[8] We agree with counsel for defendant that when an issue is properly submitted to a jury in a compensation case, a party appealing is entitled to a bill of exceptions to present for review the rulings of the trial court, as in other cases.

[9] Defendant's answer admitted that deceased was killed by a gas explosion in its mine, and there could have been no prejudice in allowing plaintiff's witness Williams to testify to that fact.

[10] With respect to the conduct of the jury trial, defendant insists that it was entitled to open and close the argument—this, because it carried the burden of proof upon the only issue of fact to be determined by the jury, the willful misconduct of the employé as specially pleaded in the answer.

In Montgomery So. Ry. Co. v. Sayre, 72 Ala. 443, 451, it was said, conclusively of this contention:

"It has long been the settled practice in this state, that whatever may be the attitude a case may assume, the plaintiff, the actor in the institution of the proceedings, is entitled to open and conclude the investigation and argument, unless he waives the right of concluding by failing to open the argument."

The rule which allowed the opening and closing to the party who held the affirmative of the issue was repealed in 1820 by the rule of practice now designated as rule 19, Code

1923, vol. 4, p. 901. Worsham v. Goar, 4 Port. 441, 447.

The rule followed in the contest of wills by bill in chancery, which makes the proponent of the will the actor—plaintiff throughout (McCutchen v. Loggins, 109 Ala. 457 [2], 19 So. 810), though apparently exceptional, is not really so—the theory of such a bill being that it is merely a deferred negation of the validity of the will, as to which the proponent must again assume the original burden of establishment.

[11] The fact that an employé is injured as the result of his violation of the rules of his employer does not exclude his injury from the category of injuries that "arise out of and in the course of his employment." Our negligence cases in effect so hold, whatever may be the rule in other states under the special wording of their statutes. But the better opinion seems to be that the mere violation of rules, when not willful or intentional, is not "willful misconduct" within the meaning of the law. In re Nickerson, 218 Mass. 158, 105 N. E. 604, Ann. Cas. 1916A, 790, and note 791; 8 Ann. Cas. 21, note; 28 R. C. L. 790, §§ 83, 85.

The whole structure of our act shows quite plainly that violations not willful were not intended to exclude the employé from the class entitled to compensation.

[12] The trial judge excluded from the evidence the printed preface to the employer's rules. The first paragraph of this preface reads:

"These rules are made primarily for the purpose of promoting the safety of the employés of the Woodward Iron Company, * * * and the company expects each and every employé not only to observe and obey the rules himself, but to do all in his power to prevent their violation by others, as the carelessness of one employé is very apt to result in injury not only to himself but to others as well."

The next paragraph warns employés that offenders against the rules will be disciplined, and possibly discharged; and the third and last paragraph appeals to all employés to report to their superiors dangerous conditions or practices observed by them.

This preface was no part of the rules, and, while it is an excellent admonition on the conduct of the employés we know of no principle of law upon which defendant was entitled to have it admitted in evidence. The reason for admissibility, as stated to the court, was "to show what the rules were adopted for"—presumably, to conserve the safety of employés. But, as to that, the rules must speak for themselves, and cannot be aided by the declarations of the employer. For whatever purpose they were made, their willful violation would prevent recovery, if the rules were reasonable.

[13] Counsel make a vigorous complaint of

212 ALA.—15

the judgment rendered by the court, both as to its form and its substance. It is insisted that it violates the mandate of the act in that it contains no statement of the law and facts, and does not sufficiently state the conclusions of the court on the issues involved.

It is certainly true that the judgment does not contain any satisfactory statement of the facts, and is subject to criticism in that regard. Nor does it state any principle of law deemed applicable to the facts or conclusions. It does find and adjudge every conclusion of fact essential to the award of compensation, and thereupon renders judgment for the plaintiff, "for use of herself and child, 40 per cent. of $18.35, or $7.34, per week for a period of 300 weeks."

If, for the sake of argument, it were conceded that, where the findings and judgment of the trial court are not set out with such clearness and fullness, in accordance with the requirements of the act, as to enable the appellate court to review the judgment and determine its validity vel non upon the law and the ascertained facts, and no bill of exceptions is in the record the judgment would be reversed because of its insufficiency in that respect; yet, where the insufficiency of the judgment recitals are supplemented by a bill of exceptions setting out all the evidence and permitting a fair review, the judgment will not be reversed merely for such insufficiency. The record herein contains such a bill, and we have examined it with due care. As for that, appellant has not been injured, and can not complain.

[14] Subdivision 5 of section 14 provides for the payment of 30 per centum of the average weekly earnings to the widow when there is no dependent child; and subdivision 6 provides for the payment of 40 per centum when there is one dependent child. Subdivision 14 of section 14 of the act provides that the compensation being paid after award shall cease upon the death or marriage of such dependent, and the dependency of a child shall terminate with the age of 18, "unless otherwise provided herein." In this case there was one dependent child who, as appears from the record, was 13 years old at the time of her father's death. The award is for 300 weeks, which would extend the 40 per centum rate beyond the period of the child's dependency by about 40 weeks. Under the law it is clear that when the child's dependency ceases the per centum rate will automatically drop from 40 to 30 per centum of the average weekly wage, and the judgment of award will be corrected so as to allow 40 per centum until the child is 18 years of age, and 30 per centum thereafter.

We find no other prejudicial error in the record under our view of the proper construction of the act and of the principles of law applicable, and as corrected the judgment will be affirmed.

The costs of appeal will be apportioned equally between the parties.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.