(105 So. 657)

## Ex parte GUDE & CO.

## MADDOX v. GUDE & CO.

### (6 Div. 390.)

(Supreme Court of Alabama.    June 11, 1925. Rehearing Denied Oct. 22, 1925.)

1. **Master and servant** ⬅️388—**Compensation act declaring wife "conclusively presumed" dependent declares dependency as matter of law.**

Under Workmen's Compensation Act (Code 1923, § 7552), providing that wife shall be "conclusively presumed" to be wholly dependent, legal dependency thus declared is based on the status at time of injury or death, and "conclusively presumed" merely declares dependency as matter of law subject to exceptions named in statute.

2. **Master and servant** ⬅️393 — **Compensation to widow continues until happening of event specified in statute.**

Status of a wife as a dependent having been fixed under Workmen's Compensation Act at the time of the employee's death, compensation continues for the period named in the statute until her marriage or death as expressly provided by Code 1923, § 7564.

3. **Master and servant** ⬅️393—**Widow's right to compensation does not cease on her commitment to institution for insane.**

Compensation to wife of deceased employee does not cease upon her being committed to public institution for insane, Code 1923, § 7551d, applying only to injured employee without dependents.

4. **Master and servant** ⬅️393—**"During dependency" means dependency as defined in statute.**

The clause "during dependency" as used in Workmen's Compensation Act means during the dependency as defined by statute—the period determined by the happening of an event upon which the statute declares it shall cease.

5. **Master and servant** ⬅️393 — **Payment of compensation not dependent on indigence after right has attached.**

As a matter of public policy statutes will not be construed, unless so written as to make continued payment of compensation dependent upon indigence after the right to compensation has attached, as such a rule would encourage thriftlessness and pauperism.

6. **Master and servant** ⬅️393—**Continued compensation not conditioned on continued dependency.**

Continued compensation under the compensation act during the statutory period is not conditioned upon the continued dependency upon the bounty thus provided, and such compensation ceases only upon the happening of the events named in statute.

Certiorari to Circuit Court, Jefferson County; John Denson, Judge.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Petition of Gude & Co. for certiorari to the Circuit Court of Jefferson County to review the judgment of that court in a proceeding by Minnie Maddox, suing by next friend, against the petitioner, under the Workmen's Compensation Act. Writ denied; judgment affirmed.

Nesbit & Sadler and Evans Dunn, all of Birmingham, for appellant.

The dependent of a deceased employé who has become an inmate of a public institution is no longer entitled to receive payments under the act. Rees v. Penrikyber Navigation Colliery Co., 1 K. B. 259; Eulette v. Zilske, 222 Ill. App. 128; Code 1923, § 7551 (D); Roberts v. Whaley, 192 Mich. 133, 158 N. W. 209, L. R. A. 1918A, 189; Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103. "Employé," as used in the act, means "employé party," and where the employé is deceased "dependent" is substituted. Ex parte Woodward Iron Co., supra. Compensation continues only during dependency. Code 1923, § 7558.

Fred H. Woodard, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

BOULDIN, J. [1] The sole question presented is: Does the right of the dependent wife of a deceased employee to compensation under the Workmen's Compensation Law, cease upon her being adjudged insane and becoming an inmate of the state hospital for the insane, subsequent to the death of the husband?

"For the purposes of this chapter, the following described persons shall be conclusively presumed to be wholly dependent:

"(a) Wife, unless it be known that she was voluntarily living apart from her husband at the time of his injury or death or unless it be shown that she was not married to the deceased at the time of the accident or for a reasonable period prior to his death, or unless it be shown that the husband was not in any way contributing to her support." Code 1923, § 7552.

[2] The legal dependency thus declared is based upon the status at the time of the injury or death. "Conclusively presumed," as used here, merely declares dependency as matter of law, subject to the exceptions named in the statute, or, in effect, that no conditions other than those named are material to the question of dependency vel non. Ex parte Thomas, 209 Ala. 276, 96 So. 233.

"If compensation is being paid under this article to any dependent, such compensation shall cease upon the death or marriage of such dependent. * * *" Code 1923, § 7564.

The scheme of the statute is that the status of dependency being fixed at the death of the employee, compensation continues during the compensation period named in the statute, unless some event intervenes upon which the statute declares it shall cease. These events named in the statute are exclusive, unless other provisions clearly import that compensation shall cease upon other grounds.

[3] The theory of petitioner seems to be that continued payment of compensation depends upon a state of actual continuing dependency upon the fund provided under the compensation law, and that when maintenance is furnished by the state to the insane wife, no further duty is imposed upon the employer. Reliance for this view is placed upon section 7551, subd. (d), wherein it is provided:

"In case an employee, who is permanently and totally disabled becomes an inmate of a public institution, then no compensation shall be payable," etc.

It is suggested that this clause is intended to include dependents as the representatives of the employee in matters of compensation; that employee means the "employee party" as declared in Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103. That case dealt with the remedial provision of the statute giving a right of trial by jury on the defense of willful misconduct. It was held merely that this provision is general, and applies to all cases wherein that issue arises. It was pointed out that any other construction would render the provision unconstitutional for want of mutuality in the remedy thus provided. It is not an authority here, where we are dealing with the substantive right to take as separately defined in cases of injury and death. Moreover, the argument overlooks the provision of subd. (d) that compensation shall not cease if the employee has dependents, but shall be paid to them. This clause is an answer to the general proposition that no compensation is to be awarded if the person named to take is provided for by a public institution.

[4] General clauses of the statute referring to payment of compensation "during dependency" mean during dependency as defined by the statute—the period determined by the happening of an event upon which the statute declares it shall cease.

Petitioner cites Rees v. Penrikyber Navigation Colliery Co., 1 K. B. 259. This was a claim of dependency by the father, maintained as a pauper in the workhouse at the time of the son's death. Compensation was refused because no contribution to the father's support was being made by the son at the time of his death.

In Roberts v. Whaley, 192 Mich. 133, 158 N. W. 209, L. R. A. 1918A, 189, the wife was confined in an asylum for the insane at the time of the husband's death. Denial of compensation was rested upon the ground that the wife was receiving no support, and, therefore, not dependent upon the husband at the time of

his death. The cases do not support the contention of petitioner, but impliedly recognize the opposite rule.

[5] It may be said that as a matter of public policy statutes will not be so construed, unless clearly so written, as to make continued payment of compensation dependent upon indigence after the right to compensation has attached. Such a rule would tend to encourage thriftlessness and pauperism.

[6] In keeping with authorities elsewhere, we hold that continued compensation during the statutory period is not conditioned upon continued dependency upon the bounty thus provided, and ceases only upon the events named in the statute. Schneider's Work. Com. Law, pp. 969, 970.

Writ denied, and judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.