141 So. 907

## RONEY v. STATE.

### 4 Div. 596.

Supreme Court of Alabama.
May 19, 1932.

W. L. Lee, of Dothan, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

ulithic Co. v. Perrine, 191 Ala. 411, 67 So. 601; Alabama Power Co. v. Shaw, 215 Ala. 436, 111 So. 17.

 This observation is likewise applicable to assignments of error 5 to 9, inclusive.

The record has been examined and considered with due care, with the result that we find no error to reverse.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

142 So. 66

## JEFFERSON COUNTY BUILDING & LOAN ASS'N v. SOUTHERN BANK & TRUST CO.

### 6 Div. 34.

Supreme Court of Alabama.

May 26, 1932.

### GARDNER, J.

The appeal is from a conviction for murder in the second degree. The deceased was killed by a pistol shot, and the evidence as to defendant's confession that he fired the fatal shot was preceded by proof entirely sufficient to establish its voluntary character.

The defendant's proof tended to sustain his theory of self-defense. He insists deceased was advancing upon him with an open knife and cut his clothes as well as corn sack he had with him, and he offered his clothing in evidence in corroboration of his theory of the case. It is inferable from his proof that the fatal shot was fired at close range.

 state's proof tended in contradiction of defendant's theory. For the stated purpose of showing no powder burns, the state was permitted to offer the clothes worn by deceased when shot. This ruling did not constitute reversible error. Watkins v. State, 89 Ala. 82, 8 So. 134; Andrews v. State, 159 Ala. 14, 48 So. 858.

 Assignments of error 3 and 4 relate to evidence elicited on cross-examination of defendant's witness and clearly within the range of the court's discretion. Southern Bit-