153 So. 642

SLOSS–SHEFFIELD STEEL & IRON CO. v. BROWN.

6 Div. 532.

Supreme Court of Alabama.

March 8, 1934.

Rehearing Denied April 5, 1934.

Bradley, Baldwin, All & White and W. M. Neal, all of Birmingham, for appellant.

J. Reese Murray and Willard Drake, both of Birmingham, for appellee.

FOSTER, Justice.

This is a proceeding under the Workmen's Compensation Act of Alabama (Code 1923, § 7534 et seq.), whose purpose is to determine whether the right to compensation continues after marriage of the partially dependent mother of the deceased employee. The procedure used was that provided in section 7556, Code.

The mother had a living husband at the time of the death of her son. The amount of compensation was based upon the amount of the son's contribution to her support, but she was not wholly dependent upon him. There is no provision of the law which deprives a dependent named in the statute from receiving compensation because she may be at the time married. Her existing marriage only incidentally affects her rights, and that in so far as thereby she has a support, wholly or partially, provided for. The statute makes no reference to the marital status of a dependent at the time compensation is awarded. Some of the compensation statutes provide for a change to be effected if the widow of the deceased employee shall remarry. But few of them terminate compensation or change the rights of other dependents on account of their marriage.

But our Compensation Law provides that compensation to a dependent shall cease upon his death or marriage. Sections 7556, 7564, Code. This as written is so, regardless of the sex of the dependent, his age, or previous status in that or other respects. We have no precedent on the subject so far as we have found or had cited to us. The act must receive a liberal construction so as to effectuate its manifest purpose. Workmen's Compensation Act, Corpus Juris, 40.

But when the language is plain, it must be given its evident effect, for there is no room for the construction of an act which is not ambiguous.

The contention is made with much weight that when the expression is used in the act to terminate compensation when the dependent marries, it means to refer only to a change of

status from that which existed at the time of the death of the employee. The ascertainment of dependency is of the time of the accident, and in the absence of statute subsequent intervening events will not deprive the dependent of compensation. And if the statute does not expressly mention marriage as causing a cessation of compensation it will not have that effect. Schneider's Compensation Law, sec. 378, page 1287; Maddox v. Gude & Co., 213 Ala. 584, 105 So. 657.

The statute does not manifest an intention to make the state of marriage a barrier to compensation. Its effect as a change of status is not controlled by the fact that thereby independence is caused. But it is rather, it seems to us, the statement of a legislative policy that the condition expressed shall terminate compensation to that dependent, whether or not he or she shall thereafter be dependent.

And so when dependent children reach the age of eighteen years, compensation to them shall cease (in the absence of certain defects), for it is said that the circumstance of having arrived at that age shall terminate dependency. Sections 7552 (b) and 7556, Code; Central Iron & Coal Co. v. Coker, 217 Ala. 472, 116 So. 794. In fact, that circumstance may not terminate dependency, but the statute places a peg there, beyond which there is a conclusive presumption of law that independence exists.

We may surmise or speculate with more or less satisfaction as to why the Legislature has made certain named events as causes for the receipt of compensation to end. The provision which terminates the right on the happening of a certain event must be given effect as enacted. We do not think we have a right to add limitations upon that provision because we surmise the Legislature may have so wished, when they did not so enact. In stopping compensation when a child reaches eighteen, they did make a limitation, and we must assume that they would have done so in respect to marriage if they intended that such a limitation would apply. Our only province is to give effect to the statute as it is enacted, without trying to find out whether something else was intended.

Accordingly, the judgment of the circuit court is reversed, and the cause dismissed.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.